CORRECTED

# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 18-0964V
Filed: September 30, 2019
UNPUBLISHED

| | |
|---|---|
| DOROTHY GARONE,<br><br>                          Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                          Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*John Clarke Newton, Bluestein Thompson Sullivan, LLC, Columbia, SC,* for petitioner.
*Colleen Clemons Hartley, U.S. Department of Justice, Washington, DC,* for respondent.

### **DECISION ON ATTORNEYS' FEES AND COSTS**[1]

**Dorsey,** Chief Special Master:

On July 5, 2018, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she received a Prevnar-13 vaccination on October 30, 2017, and subsequently suffered right rotator cuff syndrome/bursitis. Petition at 1. On July 30, 2019, the undersigned issued a decision awarding compensation to petitioner based on the respondent's proffer. ECF No. 34.

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On August 14, 2019, petitioner filed a motion for attorneys' fees and costs.  ECF No. 38.  Petitioner requests attorneys' fees in the amount of $20,391.00 and attorneys' costs in the amount of $1,561.17.  *Id.* at 1.  In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses.  ECF No. 38-2.  Thus, the total amount requested is $21,952.17.

On August 14, 2019, respondent filed a response to petitioner's motion.  ECF No. 39.  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 requires respondent to file a response to a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.

By email correspondence on August 14, 2019, counsel for petitioner, copying council for respondent, notified the staff attorney managing the case that petitioner did not intend to file a reply.

The undersigned has reviewed the billing records submitted with petitioner's requests and finds a reduction in the amount of fees to be awarded appropriate for the reasons listed below.

> **I.      Legal Standard**

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  *Id.* at 1522.  Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).  A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees.  *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred."  *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991).  She "should present adequate proof [of the attorneys' fees and costs sought] at the time of the submission."  *Id.* at 484 n.1.  Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive,

2

redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

### II. Attorney Fees

#### A. Hourly Rates

Petitioner requests compensation for attorney John Clarke Newton at the rate of $340 per hour time for all time billed in this case. ECF No. 41 at 2. The requested rate exceeds Mr. Newton's appropriate experience range based on the Court's Attorneys' Hourly Rate Fee Schedule.[3] *McCulloch v. Sec'y of Health & Human Servs.,* No. 09-293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. September 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large).[4] Mr. Newton's affidavit states he became a licensed attorney in 2009, placing him in the range of attorney's with 8-10 years' experience. ECF No. 41-2 at 1. Due to Mr. Newton's inexperience in the Vaccine Program, the undersigned finds cause to reduce the requested hourly rate commensurate with his experience as a licensed attorney. As such, Newton's rate will be reduced to the following: $281 for work performed in 2017, and $215 for work performed in 2019. This results in a reduction of attorney's fees requested in the amount of **$1,579.20**.[5]

Petitioner requests the hourly rate of $142 for time billed by the paralegal and the rate of $132 for all time billed by the legal assistant. The undersigned finds these requested rates reasonable and awards them herein.

#### B. Administrative Time

Upon review of the billing records submitted, it appears that a number of entries are for tasks considered clerical or administrative. In the Vaccine Program, secretarial work "should be considered as normal overhead office costs included within the attorneys' fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy v. Sec'y of Health & Human Servs.,* No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016 (citing *Rochester*, 18 Cl. Ct. at 387). A

---

[3] This is Mr. Newton's first case in the Vaccine Program.

[4] OSM Attorneys' Forum Hourly Rate Schedules for 2019 and are available at http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202019.pdf

[5] This amount consists of ($340 - $281 = $59 x 2.8 hrs = $165.20) + ($340 - $300 = $40 x 21.7 hrs = $868.00) + ($340 - $320 = $20 x 27.3 = $546.00) = $1,579.20.

3

total of 5.8 hours was billed on tasks considered administrative including, receiving, printing and saving documents, faxing, and mailing correspondence. Examples of these entries include:

- July 5, 2081 (0.30 hrs) Paralegal prepared/mailed petition/exhibits to Respondent
- October 22, 2018 (0.20 hrs) "paralegal prepared filing to be mailed"
- March 5, 2019 (0.10 hrs) "paralegal processed/printed/saved e-filing"
- June 28, 2019 (0.30 hrs) "paralegal printed and mailed med rec to FCE facility"
- July 18, 2019 (0.10 hrs) "paralegal processed mail received"

ECF No. 38-3 at 3-7.[6]

The undersigned reduces the request for attorney fees by **$816.60**, the total of the tasks considered administrative.

### C. Vague Entries

The billing records reflect that Mr. Newton has multiple entries that are vague, and the significance of the tasks performed is not apparent. The undersigned has previously decreased awards of attorneys' fees for vagueness. *Mostovoy*, 2016 WL 720969 at *5; *Barry v. Sec'y of Health and Human Servs.*, No. 12-39V, 2016 WL 6835542 (Fed. Cl. Spec. Mstr. Oct. 25, 2016) (reduced a fee award by 10 percent due to vague billing entries). An application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. *Bell v. Sec'y of Health & Human Servs.*, 18 Cl. Ct. 751, 760 (1989); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468 (Fed. Cl. Spec. Mstr. June 27, 2009). Examples of these include:

- July 11, 2018 (0.30 hrs) "JCN emailed w/ Heather Pearlman"
- July 26, 2018 (0.10 hrs) "JCN email w/ Mary Holmes"
- August 20, 2018 (0.10 hrs) "JCN emailed court"
- October 19, 2018 (0.10 hrs) "JCN emails with Colleen Hartley and Court"
- February 11, 2019 (0.50 hrs) "JCN emails with client"
- June 25, 2019 (1.00 hrs) "JCN emails with client"
- July 29, 2019 (0.10 hrs) "JCN emails with paralegal"

ECF No. 38-3 at 2-7.[7]

---

[6] These are examples and not an exhaustive list.

[7] These are examples and not an exhaustive list.

4

The undersigned reduces the amount of time for all the entries considered vague by 20 percent. This results in a total reduction of attorneys' fees in the amount of **$1,391.76**.[8]

### III. Attorney Costs

Petitioner requests reimbursement for attorney costs in the amount of $1,561.17. After reviewing petitioner's invoices, the undersigned finds no cause to reduce petitioner's' request and awards the full amount of attorney costs sought.

### IV. Conclusion

Based on the reasonableness of petitioner's request, the undersigned **GRANTS IN PART** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $18,164.61[9] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel John Clarke Newton.**

The clerk of the court shall enter judgment in accordance herewith.[10]

**IT IS SO ORDERED.**

                                            **s/Nora Beth Dorsey**
                                            Nora Beth Dorsey
                                            Chief Special Master

---

[8] This amount consists of (0.8 hrs x $281 = $224.80) + (13.7 hrs x $300 hr = $4,110.00) + (8.2 hrs x $320 = $2,624) = $6,958.80 x 0.20 = $1,391.76. These amounts are calculated using the already reduced hourly rates.

[9] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[10] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.